Muhammed Tawihidur RAHMAN; et al., Petitioners,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–71369.

Agency Nos. A72–517–569, A70–958–121, A70–958–122, A72–517–570.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.**

Decided Jan. 16, 2004.

Muhammed Tawihidur Rahman, pro se, Fatema Anis, pro se, Sajeda Anis, pro se, Zahidur RAhman, pro se, Van Nuys, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, James A. Hunolt, Emily A. Radford, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM***

Muhammed Tawhidur Rahman, Fatema Anis, Sajeda Anis and Zahidur Rahman,

---

* The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that John Ashcroft, Attorney General, is the proper respondent.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

natives and citizens of Bangladesh, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmances of the immigration judge's ("IJ") denial of their applications for asylum and withholding of deportation, and relief under the Convention Against Torture ("CAT"). Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *Gonzales v. INS*, 82 F.3d 903, 907–08 (9th Cir.1996), and we deny the petition for review.

Petitioners contend that their father's former position in the Jatiyo Party subjected them to past persecution and reasonable fear of future persecution based on an imputed political opinion. Substantial evidence supports the IJ's conclusion that the petitioners failed to establish that they suffered past persecution or have a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

As petitioners have failed to establish eligibility for asylum, they have necessarily failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Finally, substantial evidence supports the IJ's denial for relief under the CAT. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003). Petitioners failed to demonstrate that it is more likely than not that they will be tortured if returned to Bangladesh. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

## PETITION FOR REVIEW DENIED.